# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| TEXAS BANKERS ASSOCIATION<br>203 W. 10th St.<br>Austin, TX 78701<br><br>AMARILLO CHAMBER OF COMMERCE<br>1000 S. Polk St.<br>Amarillo, TX 79101<br><br>AMERICAN BANKERS ASSOCIATION<br>1333 New Hampshire Ave. NW,<br>Washington, DC 20036<br><br>CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA<br>1615 H Street, N.W.<br>Washington, DC 20062<br><br>LONGVIEW CHAMBER OF COMMERCE<br>410 N. Center St.<br>Longview, TX 75601<br><br>INDEPENDENT COMMUNITY BANKERS OF AMERICA<br>1615 L St NW, Ste. 900<br>Washington, DC 20036 | Civil Case No.: 2:24-cv-00025 |

INDEPENDENT BANKERS
ASSOCIATION OF TEXAS
1700 Rio Grande St, Ste. 100
Austin, TX 78701

 *Plaintiffs*,

   v.

OFFICE OF THE COMPTROLLER
OF THE CURRENCY and MICHAEL
J. HSU in his official capacity as
Acting Comptroller of the Currency,
400 7th St. SW
Washington, DC 20219

BOARD OF GOVERNORS OF THE
FEDERAL RESERVE SYSTEM and
JEROME POWELL in his official
capacity as Chairman of the Board of
Governors
Constitution Ave NW & 20th St. NW
Washington, DC 20551

FEDERAL DEPOSIT INSURANCE
CORPORATION and MARTIN
GRUENBERG in his official capacity
as Chairman of the FDIC
550 17th St NW
Washington, DC 20429

 *Defendants*.

2

## PLAINTIFFS' MOTION FOR A <br> PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1331, and the Administrative Procedure Act, 5 U.S.C. § 705, the Texas Bankers Association, Amarillo Chamber of Commerce, the American Bankers Association, the Chamber of Commerce of the United States of America, the Longview Chamber of Commerce, the Independent Community Bankers of America, and the Independent Bankers Association of Texas ("Plaintiffs") respectfully move the Court to preliminarily enjoin recently promulgated regulations issued pursuant to the Community Reinvestment Act of 1977 ("CRA"), 12 U.S.C. § 2901 *et. seq.* (hereinafter the "Final Rules").

The Final Rules were issued jointly by the Board of Governors of the Federal Reserve System ("Federal Reserve"), the Federal Deposit Insurance Corporation ("FDIC"), and the Office of the Comptroller of the Currency ("OCC") (collectively "the Agencies") and published in the Federal Register on February 1, 2024.

As described in the attached Memorandum of Law in Support of Plaintiffs' Motion for a Preliminary Injunction, Plaintiffs satisfy the Fifth Circuit's test for preliminary injunctive relief. *See Louisiana v. Biden*, 55 F.4th 1017, 1022 (5th Cir. 2022).

First, Plaintiffs have a substantial likelihood of success on the merits. In promulgating the Final Rules, the Agencies exceeded their statutory authority in two ways. First, the Agencies seek to assess some banks outside of the areas in which they have a physical presence and receive deposits, in conflict with the geographic limits that Congress included in the CRA. Second, the Agencies seeks to assess some banks on their deposit products, in conflict with Congress's instruction to assess banks on their response to the credit needs of their communities. Each contravenes the plain text of the CRA, and each is a sufficient basis to establish Plaintiffs' likelihood of success on the merits.

Second, there is a substantial threat that, absent an injunction, Plaintiffs will be irreparably harmed. Banks must take immediate steps to prepare to comply with the Final Rules, which are exceedingly complicated and impose new and onerous data collection, validation, and reporting requirements for broad assessment areas throughout the country. Even the Agencies concede that banks will spend hundreds of thousands of hours and over $90 million to comply with the Final Rules within the first twelve months. *See* 89 Fed. Reg. 7106. And none of these implementation costs will be recoverable if the Court determines that the Agencies have exceeded their statutory authority.

Finally, the balance of harms and the public interest (factors which merge when the government is a party) favor Plaintiffs. *See Louisiana v. Biden*, 55 F.4th

1017, 1022 (5th Cir. 2022); *Vanderstok v. BlackHawk Manufacturing Group, Inc.*, 639 F. Supp. 3d 722, 727 (N.D. Tex. 2023). The balance of the harms favors Plaintiffs because the vast majority of banks have achieved either "Satisfactory" or "Outstanding" ratings on their most recent CRA evaluations and there is no evidence that a few months' delay will materially impact the communities that Congress sought to protect in the CRA. Further, "there is a substantial public interest in having governmental agencies abide by the federal laws that govern their existence and operations." *Texas v. United States,* 40 F.4th 205, 229 (5th Cir. 2022). The public interest is particularly strong where, as here, the Agencies have overstepped their statutory authority.

For the reasons set forth above and in the attached memorandum of law, Plaintiffs request that the Court issue a preliminary injunction preserving the *status quo* until it renders a decision on the merits.

DATED: February 9, 2024

            Respectfully submitted,

            */s/Thomas C. Riney*
            UNDERWOOD LAW FIRM, P.C.
            Thomas C. Riney (Texas Bar No. 16935100)
            Slater Elza (Texas Bar No. 2400747)
            PO Box 9158
            Amarillo, Texas 79105
            (806) 376-5613
            (806) 349-9474
            tom.riney@uwlaw.com
            slater.elza@uwlaw.com

WILLIAMS & CONNOLLY LLP
Ryan Scarborough (*pro hac vice* forthcoming)
Jesse Smallwood (*pro hac vice* forthcoming)
William R. Murray, Jr. (*pro hac vice* forthcoming)
Richard A. Olderman (*pro hac vice* forthcoming)
Alex Gaudio (*pro hac vice* forthcoming)
Armani Madison (*pro hac vice* forthcoming)
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
rscarborough@wc.com
jsmallwood@wc.com
bmurray@wc.com
rolderman@wc.com
agaudio@wc.com
amadison@wc.com

*Attorneys for Plaintiffs*

AMERICAN BANKERS ASSOCIATION
Thomas Pinder (*pro hac vice* forthcoming)
Andrew Doersam (*pro hac vice* forthcoming)
1333 New Hampshire Ave. NW
Washington, DC 20036
tpinder@aba.com
adoersam@aba.com

*Attorneys for Plaintiff American Bankers Association*

U.S. CHAMBER LITIGATION CENTER
Jennifer B. Dickey (*pro hac vice* forthcoming)
Maria C. Monaghan (*pro hac vice* forthcoming)
1615 H Street NW
Washington, DC 20062
jdickey@USChamber.com
mmonaghan@USChamber.com

*Attorneys for Plaintiff Chamber of Commerce of the United States of America*

**CERTIFICATE OF CONFERENCE**

All parties have conferred as to their positions related to Plaintiffs' Motion for Preliminary Injunction. Defendants are unable to agree to the relief sought by Plaintiffs. Counsel for Plaintiffs and the Federal Reserve System conferred by video conference on Tuesday, February 6, 2024 regarding the issues and relief sought. Counsel for all parties conferred by video conference on February 9, 2024 to discuss the issues and relief sought. Although there was no agreement on Plaintiffs' motion and the relief sought, Defendants did request 28 days to respond to the Motion for Preliminary Injunction, which Plaintiffs do not oppose.

*/s/ Thomas C. Riney*

*/s/ Slater C. Elza*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, thereby serving this document on all attorneys of record in this case. Pursuant to Local Rule 5.1, I further certify that the foregoing document is available for viewing and downloading on ECF.

*/s/Thomas C. Riney*