# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

TEXAS BANKERS ASSOCIATION
203 W. 10th St.
Austin, TX 78701

AMARILLO CHAMBER OF COMMERCE
1000 S. Polk St.
Amarillo, TX 79101

AMERICAN BANKERS ASSOCIATION
1333 New Hampshire Ave. NW,
Washington, DC 20036

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA
1615 H Street, N.W.
Washington, DC 20062

LONGVIEW CHAMBER OF COMMERCE
410 N. Center St.
Longview, TX 75601

INDEPENDENT COMMUNITY BANKERS OF AMERICA
1615 L St NW, Ste. 900
Washington, DC 20036

Civil Case No.: 2:24-cv-00025

INDEPENDENT BANKERS
ASSOCIATION OF TEXAS
1700 Rio Grande St, Ste. 100
Austin, TX 78701


    *Plaintiffs*,


        v.


OFFICE OF THE COMPTROLLER
OF THE CURRENCY and MICHAEL
J. HSU in his official capacity as
Acting Comptroller of the Currency,
400 7th St. SW
Washington, DC 20219


BOARD OF GOVERNORS OF THE
FEDERAL RESERVE SYSTEM and
JEROME POWELL in his official
capacity as Chairman of the Board of
Governors
Constitution Ave NW & 20th St. NW
Washington, DC 20551


FEDERAL DEPOSIT INSURANCE
CORPORATION and MARTIN
GRUENBERG in his official capacity
as Chairman of the FDIC
550 17th St NW
Washington, DC 20429


    *Defendants*.

2

# **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Before the Court is Plaintiffs' Motion for a Preliminary Injunction. The Court, having considered the pleadings on file, the evidence and the argument of counsel, is of the opinion that Plaintiffs' Motion should be GRANTED.

Plaintiffs have shown a likelihood of success on the merits of their claims that regulations recently promulgated by the Board of Governors of the Federal Reserve System, the Federal Deposit Insurance Corporation, and the Office of the Comptroller of the Currency (collectively, the "Agencies") pursuant to the Community Reinvestment Act of 1977 ("CRA"), 12 U.S.C. § 2901 *et. seq.*, 12 C.F.R. §§ 25.12, 228.12, 345.12, 89 Fed. Reg. 6574 (Feb. 1, 2024) (to be codified at 12 C.F.R. §§ 25, 228, and 345) (hereinafter the "Final Rules") exceed the Agencies' authority under the CRA for at least two reasons. The CRA instructs the Agencies, when examining a financial institution, to "assess the institution's record of meeting the credit needs of its entire community, including low- and moderate-income neighborhoods, consistent with the safe and sound operation of such institution." 12 U.S.C. § 2903. And other statutory provisions make clear that community is used in its ordinary sense as referring to the geographic subunit, like a town or county, in which the bank has deposit-taking facilities like branches or

ATMs.  *See, e.g.*, 12 U.S.C. § 2901(b), 2902(4), 2906(b)(1)(B).  Despite the clarity of the language in the statute, the Final Rules provide for the Agencies to assess some banks on their record of meeting the credit needs of borrowers *outside* of their communities in the newly created "Retail Lending Assessment Areas" and "Outside Retail Lending Areas."  *See, e.g.*, §§ ___.17, __.18, ___.22, 89 Fed. Reg. 6574, 7114-15, 7117-20.  Second, the Final Rules provide for the Agencies to assess some banks on their record of meeting the *deposit* needs of low- and moderate- income borrowers.  *See, e.g.*, § __.23(b)(i)(B)(4), (c)(3).

Plaintiffs also have shown that the remaining factors for a preliminary injunction weigh in Plaintiffs' favor.  Plaintiffs' declarations establish that members will suffer irreparable harm in the absence of a preliminary injunction from the extensive costs of complying with the Final Rules, which even the Comptroller estimated would amount to more than $91.8 million in the first 12 months.  *See* 89 Fed. Reg. at 7106.  And finally, the balance of the equities and public interest weigh in favor of preserving the status quo while Plaintiffs litigate their claims that the Final Rules exceed the Agencies statutory authority.

Plaintiffs are therefore entitled to a preliminary injunction.  *See Louisiana v. Biden*, 55 F.4th 1017, 1022 (5th Cir. 2022).

It is therefore ORDERED that Plaintiffs' Motion for a Preliminary Injunction is GRANTED.  The Court ORDERS that the Final Rules published at

89 Fed. Reg. 6574 (Feb. 1, 2024) (to be codified at 12 C.F.R. §§ 25, 228, and 345) be ENJOINED pending the resolution of this lawsuit. The Court further ORDERS that the effective date of April 1, 2024, and all implementation dates be extended day for day for each day the injunction remains in place.

Amarillo, Texas, this ____ day of _____ 2024, at_____.

_____
U.S. DISTRICT COURT JUDGE