IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TEXAS BANKERS ASSOCIATION, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:24-CV-025-Z-BR |
| OFFICE OF THE COMPTROLLER OF CURRENCY, et al., | § § § § | |
| Defendants. | § | |

## ORDER TO SUBMIT JOINT PROPOSED SCHEDULING ORDER

**\*Joint Proposed Scheduling Order Due Date:  April 22, 2024\***

Because of the Court's Rule 16(b)(2) obligation to issue a Scheduling Order, any request for an extension of the above Joint Proposed Scheduling Order Due Date must be made by written motion and be supported by good cause.

## II. CONTENTS OF JOINT PROPOSED SCHEDULING ORDER

**\*Contents are *Amarillo-specific*. Please adjust your filings accordingly.\***
**\*All proposed deadlines must be specific dates.\***

**Joint Proposed Scheduling Orders must be filed with the Clerk's Office.** The parties shall submit their proposals in the form of a pleading rather than as an order for the Court to sign. The Court will enter its own Scheduling Order after reviewing the parties' Joint Proposed Scheduling Order.

Proposed deadlines and dates shall be submitted in the form of dates certain (e.g., "December 11, 2020" and not "120 days before trial"). Parties shall not submit proposed deadlines and dates by describing the desired amount of time between deadlines.

If the parties disagree about a particular proposal, they must provide their respective recommendations and explain their disagreement. If a party fails to participate in the proposal process, the Court will enter a Scheduling Order without that party's proposals.

A.  *Required Contents*.

The Joint Proposed Scheduling Order **must** contain:

1. a brief statement of the nature of the case, including the contentions of the parties;

2. any challenge to jurisdiction or venue;

3. a statement as to the likelihood that other parties will be joined;

4. proposed deadlines for:

    (a) filing of any administrative record;
    (b) objections/challenges to or motions to supplement any administrative record filed;
    (c) APA summary judgment briefing schedule;
    (d) any other deadlines the parties may deem necessary.[1]

5. under separate headings, the parties shall include:

    (a) a statement as to whether all parties consent to have the Magistrate Judge conduct all proceedings in this case, including jury or nonjury trial and entry of judgment, pursuant to 28 U.S.C. § 636(c);

    If all parties consent, please file the consent form previously provided by the Clerk's office when the case was originally filed in federal court. If all parties do not consent, the statement need not identify the parties who do not consent;

    (b) the current status of settlement negotiations, and a statement as to whether it is more appropriate to refer the case for private mediation or conduct a court-supervised settlement conference with a United States Magistrate Judge;

    (c) the date a certificate of interested persons required under N.D. Tex. Civ. R. 3.1(c), 3.2(e), 7.4, or 81.1(a)(3)(D) was filed by a party or the party adopted another party's certificate of interested persons; and

6. any information the parties believe may help the Court in setting a schedule for the case.

---

[1] The Court recognizes this is an APA case, which typically does not necessitate discovery or a trial, but may have other scheduling needs. Accordingly, if the parties believe additional deadlines need to be included in the Court's scheduling order, please include those dates in the Joint Proposed Scheduling Order under subheading 4(d).

### III. MOTIONS TO MODIFY SCHEDULING ORDER

A scheduling order may be modified "only for good cause" and with the judge's consent. *Shepherd on behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019) (quoting Fed. R. Civ. P. 16(b)(4)). **Motions to extend deadlines in the Scheduling Order shall address the following four factors** regarding good cause: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

### IV. SCHEDULING ORDERS ENTERED BEFORE ALL PARTIES APPEAR

Under Federal Rule of Civil Procedure 16, a "judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). The time within which the Court must issue a scheduling order is based on the appearance of or service on *any* defendant. In a multi-defendant case, if the Court enters an order relating to scheduling under Rule 16 before all defendants are served or appear, plaintiff(s) or plaintiff's counsel shall provide all later-appearing defendants a copy of such order(s) by the most effective means available.

IT IS SO ORDERED.

ENTERED April 2, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE