IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| TEXAS BANKERS ASSOCIATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICE OF THE COMPTROLLER, *et al.*, <br><br> Defendants. | 2:24-CV-025 |

## ORDER

Before the Court is Defendants' Unopposed Motion to Stay Proceedings ("Motion") (ECF No. 80), filed April 22, 2024. Defendants request that this Court "stay proceedings . . . (including the deadline for the parties to submit a joint proposed scheduling order and Defendants' deadline to answer the complaint)" until "the Fifth Circuit resolves Defendants' interlocutory appeal." *Id.* at 1. After the Fifth Circuit decides the appeal, Defendants propose that the parties "then submit a joint status report to this Court within 14 days regarding further proceedings." *Id.*

"This Court has the power to stay proceedings pending appeal, as 'the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether a stay is proper, courts consider the interests of the parties and conservation of judicial resources. *Greco*, 116 F. Supp. 3d at 761.

Defendants present three arguments in support of their Motion. First, their interlocutory appeal will raise the same issues that are before this Court. ECF No. 80 at 2. Second, a stay of

proceedings does not alter the state of this litigation because the Court has already granted Plaintiffs' motion for a preliminary injunction. *Id.* at 3. "Significantly, Defendants are not seeking to stay the preliminary injunctive relief ordered by the Court." *Id.* Lastly, concurrently litigating the matter in this Court and the Fifth Circuit will create needlessly duplicative and costly litigation. *Id.* at 4.

The Court agrees. Staying proceedings pending this appeal serves the interests of justice and the conservation of judicial and public resources. *See Astec Am., Inc. v. Power-One, Inc.*, No. 6:07-CV-464, 2008 WL 11441994, at *3 (E.D. Tex. July 15, 2008) ("Controlling litigation expenses and . . . judicial resources serves not only the parties and the Court, but also the public as a whole."). Moreover, staying proceedings in this context is both reasonable and typical for the Fifth Circuit. *Greco*, 116 F. Supp. 3d at 761; *Cunningham v. Hamilton-Ryker IT Sols.*, LLC, 2023 WL 2964422, at *2 (S.D. Tex. Apr. 10, 2023).

### CONCLUSION

The Court **GRANTS** Defendants' Motion. Pending Defendant's interlocutory appeal, the above-styled case should be and hereby is **STAYED**. Accordingly, the Clerk is **DIRECTED** to stay all proceedings until further notice. This Court's previously issued injunctive relief is left wholly intact by this stay of proceedings. ECF No. 75.

SO ORDERED.

April 26, 2024

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE