UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Amarillo Division

| | |
|---|---|
| TEXAS BANKERS ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> OFFICE OF THE COMPTROLLER OF THE CURRENCY, et al., <br><br> Defendants. | No. 2:24-cv-0025 |

## MOTION FOR ENTRY OF JUDGMENT

Pursuant to Federal Rules of Civil Procedure ("Rules") 12(c) and 54(b), Defendants the Office of the Comptroller of the Currency and the Comptroller of the Currency (collectively, the "OCC") and the Federal Deposit Insurance Corporation and its Chairman (collectively, the "FDIC") respectfully move the Court to enter final judgment against them in this matter in the form enclosed herewith.

Specifically, the OCC and FDIC ask the Court to (1) vacate the portions of the 2023 Rule and 2016 Guidance (both defined below) pertaining to the OCC and FDIC as exceeding their statutory authority for the reasons discussed below, (2) declare that the OCC's and FDIC's regulations may not under the Community Reinvestment Act of 1977 ("CRA") provide for or permit the assessment a regulated institution's retail lending activities outside the geographic areas where the institution operates physical facilities and accepts deposits; and (3) declare that the OCC's and FDIC's regulations may not under the CRA provide for or permit the assessment of a regulated institution's deposit products.  This proposal provides appropriate relief to Plaintiffs on

their claims against the OCC and the FDIC.  The OCC and FDIC consent to the entry of final judgment against them on these terms and waive all rights to appeal that judgment.

Through counsel, Plaintiffs Texas Bankers Association, Amarillo Chamber of Commerce, American Bankers Association, Chamber of Commerce of the United States of America, Longview Chamber of Commerce, Independent Community Bankers of America, and Independent Bankers Association of Texas (collectively, "Plaintiffs") do not oppose the relief sought by this motion.  Defendants the Board of Governors of the Federal Reserve System and its Chairman (collectively, the "Federal Reserve") do not join in this motion, which is expressly exempt from the conferral requirements of the Local Rules.  *See* Local Rule 7.1(a) (exempting motions for judgments on the pleadings).  Nonetheless, the OCC informed the Federal Reserve of its intent to file this motion and learned that the Federal Reserve intends to submit a response after it has had the opportunity to review the filing and within the time set forth in the Local Rules.  The grounds for this motion are as follows.

## BACKGROUND

As the Court previously summarized, Congress enacted the CRA in part:

> to address 'redlining'—the practice of refusing credit in neighborhoods 'deemed too risky.'  Historically, these neighborhoods were 'predominantly minority and inner city.'  The CRA requires federal banking agencies [ ] to assess an institution's record 'of meeting the credit needs of its *entire community*, including low- and moderate-income' neighborhoods. 12 U.S.C. § 2903(a)(1).  And it requires separate evaluations for each metropolitan area where an institution maintains one or more branch offices.  *Id.* § 2906(b)(1)(B).  Those evaluations, in turn, result in one of four ratings: 'Outstanding,' 'Satisfactory,' 'Needs to Improve,' or 'Substantial noncompliance.'  *Id.* § 2906(b)(2)(A)–(D).

Mem. Op. & Order (Dkt. No. 75) ("Mem. Op.")[1] at 1-2 (some citations omitted; emphasis added).

In 2023, the OCC, FDIC, and Federal Reserve (collectively, the "Agencies") announced new

---

[1]    Also available at *Texas Bankers Ass'n v. OCC*, 728 F. Supp. 3d 412, 416 (N.D. Tex. 2024).

regulations to implement the mandates of the CRA, which were published in the Federal Register thereafter (the "2023 Rule").  *Id.* at 2 (citing Community Reinvestment Act, 89 Fed. Reg. 6574 (Feb. 1, 2024)).  The 2023 Rule codified its requirements in three substantively identical portions of the Code of Federal Regulations, one for each Agency applicable to the institutions that each regulates under the CRA.  *See* 12 C.F.R. part 25 (OCC),[2] part 228 (Federal Reserve), 345 (FDIC).

As relevant here, the 2023 Rule included a new performance test—called the Retail Lending Test—that used retail lending assessment areas and outside retail lending areas to evaluate a bank's CRA performance.  Mem. Op. at 3; *see also* 12 C.F.R. §§ 25.17, 25.18, 25.22.  In general, the 2023 Rule defined these areas for certain banks to consist of all geographic areas where an institution engaged in specified retail lending activities with certain exceptions.  *See id.*  The 2023 Rule also required the Agencies under a separate test, called the Retail Services and Products Test, "to assess the availability and usage of a bank's deposit products and whether those deposit products offer low-cost features."  Mem. Op. at 3 (citation modified).

Plaintiffs brought this suit, and filed a motion for a preliminary injunction, challenging the 2023 Rule, including its Retail Lending Test.  Mem. Op. at 3.  As to the Retail Lending Test, Plaintiffs primarily argued that the test improperly provides for the assessment of an institution's retail lending activities outside the geographic areas where it operates physical facilities and accepts deposits.  *Id.* at 3. Plaintiffs also challenged the 2023 Rule to the extent it provided for

---

[2]     The OCC's regulations found at 12 C.F.R. part 25 contain an additional subpart (now labeled subpart F and, before the 2023 Rule, subpart E, containing sections 25.61 to 25.65) that does not pertain to the CRA.  That subpart concerns a prohibition against the use of interstate branches primarily for deposit production promulgated to implement section 109 of the Riegle-Neal Interstate Banking and Branching Efficiency Act of 1994 ("Interstate Act").  In vacating the 2023 Rule, the OCC asks the Court to nonetheless retain the current designation of these Interstate Act regulations as subpart F to avoid confusion and repeated republication of these distinct regulations.

assessments of an institution's deposit products, arguing that the CRA only permitted the Agencies to evaluate an institution's credit-related offerings, not its deposit activities. *Id.* at 12. In their Complaint, Plaintiffs also challenged guidance that the Agencies promulgated in 2016, before the 2023 Rule (the "2016 Guidance"), which interpreted the prior regulatory state as permitting the Agencies to assess some deposit products as part of evaluating a regulated institution's retail banking services. Compl. (ECF No. 4) ¶¶ 6, 72 (citing Community Reinvestment Act Interagency Questions and Answers Regarding Community Investment Guidance, 81 Fed. Reg. 48506, 48542-32 (2016) (text regarding the § ___.24—Service Test)).

After full briefing, the Court considered and granted Plaintiffs' motion for a preliminary injunction. Mem. Op. at 1. In part, the Court concluded that Plaintiffs were likely to succeed on their claim that the 2023 Rule exceeded the Agencies' statutory authority under the CRA. *Id.* at 7-16. As to Plaintiffs' Retail Lending Test challenge, the Court reasoned that the Agencies' reading of "entire community" in the CRA to include areas beyond where a bank maintains deposit-taking facilities was likely erroneous considering the ordinary meaning of that term and the totality of the CRA's text. *Id.* at 7-12. The Court also agreed with Plaintiffs that the CRA did not allow the Agencies to assess an institution's deposit products. *Id.* at 12-15. Based on those findings and others, the Court issued a preliminary injunction, enjoining the Agencies from enforcing the 2023 Rule against Plaintiffs pending the resolution of this case. The Agencies timely appealed the Court's ruling. The Fifth Circuit recently dismissed the participation of the OCC and FDIC in that appeal at their request. *See* Order, *Tex. Bankers Ass'n v. Bd. of Governors of Fed. Reserve Sys.*, No. 24-10367 (5th Cir. July 9, 2026), Dkt. No. 201-1.

On July 18, 2025, the Agencies published a notice of proposed rulemaking in the Federal Register, proposing to rescind the 2023 Rule and make certain technical amendments to the prior

existing regime. Community Reinvestment Act Regulations, 90 Fed. Reg. 34086 (July 18, 2025). The Agencies' primary objectives in making that proposal were to restore certainty regarding CRA regulations and limit regulatory burden. *See id.* In response to that proposal, the Agencies received thirty-nine public comments, some supporting the rescission, others opposing it, and many containing proposals on how to amend and update the Agencies' CRA regulations to make a long-lasting regime consistent with Congressional directives. *See* Comments, Community Reinvestment Act Regulations, available at: https://www.regulations.gov/document/OCC-2025-0005-0001/comment.

Given the wide disparity in views, the OCC and FDIC believe the best path forward is to request vacatur of the 2023 Rule and set a clear table for future potential amendments, acknowledging those amendments can neither be based on (1) an expansive view of "entire community" that provides for or permits the assessment of regulated institutions' retail lending activities outside the geographic areas where they operate and maintain deposit-taking facilities; nor (2) an expansive view of "credit needs" that provides for or permits the assessment of regulated institutions' deposit products. Consistent with that approach, the OCC and FDIC also seek to vacate portions of the 2016 Guidance that interpreted their prior regulations to provide for the assessment of some deposit products as part of evaluating a regulated institution's retail banking services. Accordingly, the OCC and FDIC have admitted the material factual allegations in Plaintiffs' Complaint for purposes of this action (*see* OCC & FDIC Answer) and now move the Court for the entry of a final judgment against them in this action.

## LEGAL STANDARD

### I.    Motions for Judgments on the Pleadings

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion brought

pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citations omitted). Indeed, "[l]itigation in which the sole question is the applicability or interpretation of a statutory provision is another context in which judgment on the pleadings may be appropriate." 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1367 (3d ed. Apr. 2022 update) (collecting citations). While a typical Rule 12(c) motion seeks a judgment in favor of the movant, the Rule is flexible and permits a party to seek a judgment against itself. *See, e.g.*, *Meggs v. Colo. Hosp. Grp., LLC*, Civ. A. No. 21-2971, 2022 WL 1810597, at *6 (D. Colo. June 2, 2022) (granting motion by defendant for entry of judgment against itself under Rule 12(c) over plaintiff's objection); *Cuesta v. DTC Lodging LLC*, Civ. A. No. 21-3092, 2022 WL 2077940, at *2 (D. Colo. June 8, 2022), *R. & R. adopted*, 2022 WL 3212924 (D. Colo. Aug. 9, 2022) (same).

Where a motion seeks the entry of judgment in favor of a plaintiff, "the court should grant the motion only if a defendant's answer or other pleading admits, alleges, or fails to deny facts which, taken as true, show the plaintiff is entitled to judgment as a matter of law against that defendant." *Atl. Specialty Ins. Co. v. Bindea*, 632 F. Supp. 3d 681, 694 (W.D. Va. 2022) (granting motion for judgment on the pleadings); *see also Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993) (In contrast to using Rule 12(c) to assert Rule 12(b) dismissal grounds after pleadings have closed, when a party uses Rule 12(c) "in its customary application to attempt to dispose of the case on the basis of the underlying substantive merits . . . the appropriate standard is that applicable to summary judgment, except that the court may consider only the contents of the pleadings."). In so doing, a court accepts as true the factual allegations admitted by defendants

- 6 -

in the pleadings but not "legal conclusion[s] couched as a factual allegation[s]." *Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020) (citations omitted; affirming grant of motion for judgment on the pleadings); *see also Kohen v. H.S. Crocker Co.*, 260 F.2d 790, 792 (5th Cir. 1958) ("in the state of the pleadings it is sufficient to refer to the rule that a motion for judgment on the pleadings admits facts but does not admit conclusions of law").  The court should grant a judgment on the pleadings when a party establishes that no material issue of fact remains to be resolved and a party is entitled to judgment as a matter of law.  *See Lowery v. Gonzales*, No. 2:22-cv-0016, 2023 WL 2636727, at *1 (N.D. Tex. Feb. 27, 2023), *R. & R. adopted*, 2023 WL 2634500 (Mar. 23, 2023), *aff'd*, No. 23-10366, 2023 WL 8449215 (5th Cir. Dec. 6, 2023).  "When there remains no legitimate question left to be decided as to whether a claim is valid, judgment is appropriate." *Id.*

## II.    <u>Final Judgments Dispensing of Fewer Than All Claims.</u>

Rule 54(b) provides that "when multiple parties are involved" in an action "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).  Whether there exists "no just reason for delay" is "is left to the sound judicial discretion of the district court and is to be exercised in the interest of sound judicial administration." *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1092 (2d Cir. 1992) (citation modified; quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980), and *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)); *see also Fed. Sav. & Loan Ins. Corp. v. Cribbs*, 918 F.2d 557, 559 (5th Cir. 1990) (Rule 54(b) determination is reviewed for abuse of discretion).  In finalizing a judgment that dispenses with some, but not all, claims, courts have suggested that a district court "provide a brief reasoned statement in support of its determination that 'there is no just reason for delay where the justification for the certificate is not apparent." *Ginett*, 962 F.2d at 1092 (affirming grant of Rule 54(b) relief to finalize judgment on one claim).

**DISCUSSION**

A judgment against the OCC and FDIC on the terms set forth in the proposed judgment enclosed herewith is appropriate in light of the pleadings and applicable law. Additionally, there exists no just reason to delay in finalizing that judgment even though this action continues to proceed against the Federal Reserve.

**I.      The Entry of the Proposed Judgment is Appropriate.**

The entry of judgment against the OCC and FDIC as set forth in the enclosed proposed judgment is plainly appropriate. The OCC and FDIC have admitted the material facts in Plaintiffs' Complaint, which largely presents questions of law regarding the permissibility of the 2023 Rule in light of the CRA's statutory text. Having done so, the OCC and FDIC have no further factual defenses in this action as to the relief sought in Plaintiffs' Complaint, which the proposed judgment fully encompasses. As such, judgment, primarily in the form of vacatur of the 2023 Rule as it applies to the OCC and FDIC, is appropriate. Indeed, there is no basis to deny this motion.

*First*, even were it a requirement, the requested judgment is fair and adequate considering the circumstances. The Court has already assessed the threshold merits of Plaintiffs' claims, finding them likely to succeed on the ground that the Agencies exceeded their statutory authority. Such a ruling on the merits would undoubtedly lead to the vacatur of the 2023 Rule—i.e., the primary term of the proposed judgment enclosed herewith. *See Rest. Law Ctr. v. Dep't of Lab.*, 120 F.4th 163, 177 (5th Cir. 2024) (when an agency action is contrary to law, the "default rule is that vacatur is the appropriate remedy" (collecting citations and quoting *Data Mktg. P'ship, LP v. Dep't of Lab.*, 45 F.4th 846, 859 (5th Cir. 2022)).

*Second*, the proposed judgment is a reasonable resolution to the claims against the OCC and FDIC in this action. Not only has the Court found that Plaintiffs are likely to succeed in their challenges to the 2023 Rule and 2016 Guidance, but the Agencies have sought comment on

rescinding that rule, eliciting a wide range of views.  Thus, vacating the rule not only resolves the claims against the OCC and FDIC in this action (and concomitantly avoids the expenditure of additional government resources to litigate it), it also positions the OCC and FDIC to return to the rulemaking process anew to consider the public's views with a clear judicial direction on certain outer-bounds of what the CRA allows as to the Retail Lending Test and deposit products.  This is plainly a reasonable resolution of this matter.[3]

Ultimately, the proposed resolution serves the interests of the OCC and FDIC and does so in a manner that is fair, adequate, and reasonable to all involved.

## II.    The Court Should Finalize the Proposed Judgment Against the OCC and FDIC Under Rule 54(b).

Not only should the Court enter the proposed judgment against the OCC and FDIC, it should also find that there exists no just reason to delay finalizing that judgment under Rule 54(b). Undoubtedly, this motion will not resolve all claims against all parties in this action—the Federal Reserve does not join in this motion, and Plaintiffs' claims against it remain pending.  As such, without a Rule 54(b) finding, the judgment against the OCC and FDIC would not be final.

But finalizing the resolution of this case against them is exactly what the OCC and FDIC seek through this motion.  Finalizing the vacatur of the 2023 Rule and the challenged portions of the 2016 Guidance as they pertain to the OCC and FDIC will allow them and the institutions they supervise to return to the prior CRA regulatory state.  It will also permit the OCC and FDIC to

---

[3]    Indeed, unlike in other cases where judges have expressed concerns over vacating rules through consent judgments, none of the issues animating those concerns are present here.  *See, e.g.*, *Arizona v. City of San Francisco*, 596 U.S. 763, 766 (2022) (Roberts, J., concurring).  The OCC and FDIC have provided notice and solicited public comments on the recission of the 2023 Rule and the proposed judgment is not the product of an agreed-upon resolution.  These circumstances mollify any issues in proceeding via essentially a confessed judgment in this matter. *See id.* (noting potential issues in using confessed judgments without "notice-and-comment procedures;" describing the tactic as "rulemaking-by-collusive-acquiescence").

entertain further amendments to their CRA regulations to reduce regulatory burdens and address issues that have developed since the prior regulations were first promulgated more than thirty years ago.  Resetting the OCC and FDIC's CRA regulations to their prior states through a final order of vacatur will resolve all claims pending against them and undoubtedly provides no just reason for delay.  Lastly, the proposed judgment, which Plaintiffs do not oppose, resolves all ancillary issues concerning the OCC and FDIC, including as to costs and fees.  As such, there is no just reason to delay its entry and to bring this matter as it concerns the OCC and FDIC to a close.

## CONCLUSION

For the foregoing reasons, the OCC and FDIC respectfully request that the Court enter the enclosed judgment under Rule 12(c) and finalize it under Rule 54(b).

Respectfully submitted,

<table>
<tr><td>

ADAM J. COHEN, D.C. Bar #1619684
Senior Deputy Comptroller and Chief Counsel

BRIAN P. HUDAK, D.C. Bar #90034769
Deputy Chief Counsel

By: _____ /s/ *Peter C. Koch*_____
    PETER C. KOCH, Director for Litigation,
     IL Bar #6225347
    400 Seventh Street, SW
    Washington, DC 20219
    Phone: (202) 649-6692
    Fax: (202) 649-6077
    peter.koch@occ.treas.gov

JASON E. FRIEDMAN, D.C. Bar #1017059
Assistant Director for Litigation

ASHLEY W. WALKER, D.C. Bar #488126
Special Counsel

*Attorneys for the Office of the Comptroller of
the Currency and the Comptroller of the
Currency*

</td><td>

MATTHEW P. REED, Va. Bar #41824
General Counsel

DOMINIC A. ARNI, D.C. Bar #487689
Acting Deputy General Counsel

ANDREW J. DOBER, D.C. Bar #489638
Senior Counsel

By: _____ /s/ *Herbert G. Smith II*_____
    HERBERT G. SMITH II, Counsel,
     D.C. Bar #450811
    3501 Fairfax Drive
    Arlington, VA 22226-3500
    Phone: (703) 562-2460
    Fax: (703) 812-7468
    hesmith@fdic.gov

*Attorneys for the Federal Deposit Insurance
Corporation and Travis Hill, in his Official
Capacity*

Dated: July 31, 2026

</td></tr>
</table>

- 10 -

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 31, 2026, the foregoing was served on all parties to this action via the Court's CM/ECF system.

/s/ *Peter C. Koch*

PETER C. KOCH, Director for Litigation
Office of the Comptroller of the Currency


## CERTIFICATE REGARDING THE USE OF ARTIFICIAL INTELLIGENCE

The undersigned certifies that no portion of the foregoing was prepared using generative artificial intelligence.

/s/ *Peter C. Koch*

PETER C. KOCH, Director for Litigation
Office of the Comptroller of the Currency