UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Amarillo Division

|  |  |
|---|---|
| TEXAS BANKERS ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICE OF THE COMPTROLLER OF THE CURRENCY, et al.,<br><br>Defendants. | No. 2:24-cv-0025 |

**[PROPOSED] JUDGMENT**

UPON CONSIDERATION of the motion for judgment filed by the Office of the Comptroller of the Currency ("OCC") and the Federal Deposit Insurance Corporation ("FDIC"), and the entire record herein, and with the consent of the OCC and FDIC, it is hereby:

ORDERED AND ADJUDGED that the portions of the rulemaking set forth in Community Reinvestment Act, 89 Fed. Reg. 6574 (Feb. 1, 2024) ("2023 Rule"), applicable to the OCC and FDIC are VACATED and SET ASIDE except for the provision redesignating subpart E of 12 C.F.R. part 25 as subpart F—i.e., the provisions of the OCC regulations implementing section 109 of the Riegle-Neal Interstate Banking and Branching Efficiency Act of 1994 found at 12 C.F.R. §§ 25.61 to 25.65 shall remain designated as subpart F of part 25;

ORDERED AND ADJUDGED that the portions of the Community Reinvestment Act Interagency Questions and Answers Regarding Community Investment Guidance, 81 Fed. Reg. 48506 (2016) (the "2016 Guidance"), regarding the § ___.24—Service Test applicable to the OCC and FDIC are VACATED and SET ASIDE to the extent, if any, they interpret OCC and FDIC

regulations as providing for or permitting an assessment of deposit products as part of evaluating a regulated institution's retail banking services;

ORDERED AND DECLARED that the Retail Lending Test in the 2023 Rule exceeded the OCC and FDIC's authority under the Community Reinvestment Act of 1977, as currently amended, insofar as it provided for or permitted the assessment of a regulated institution's retail lending activities outside the geographic areas where the institution operates physical facilities and accepts deposits;

ORDERED AND DECLARED that the 2023 Rule and 2016 Guidance exceeded the OCC and FDIC's authority under Community Reinvestment Act of 1977, as currently amended, insofar as they provided for or permitted the assessment of a regulated institution's deposit products;

ORDERED that Plaintiffs, the OCC, and FDIC will bear their own respective costs and fees; and it is further

ORDERED that there being no just reason for delay as this Order resolves all claims against the OCC and FDIC in this matter and permits them to return to their regulatory states before the 2023 Rule while also vacating inconsistent portions of the 2016 Guidance regarding the assessment of deposit products as part of evaluating a regulated institution's retail banking services, this is a FINAL JUDGMENT pursuant to Federal Rules of Civil Procedure 54(b).


SO ORDERED:


_____          _____
Dated                                       MATTHEW J. KACSMARYK
                                            United States District Judge