**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| **TEXAS BANKERS ASSOCIATION et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**OFFICE OF THE COMPTROLLER OF THE CURRENCY et al.,**<br><br>Defendants. | **CIVIL NO. 2:24-cv-00025-Z-BR**<br><br>Hon. Matthew J. Kacsmaryk<br>United States District Judge |

**RESPONSE BY DEFENDANT BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM TO MOTIONS TO PARTIALLY LIFT THE STAY OF PROCEEDINGS AND FOR ENTRY OF JUDGMENT**

Defendant Board of Governors of the Federal Reserve System ("Board") respectfully submits this response to the motions to partially lift the stay of proceedings (ECF 91) and for entry of judgment (ECF 93) filed by Defendants Office of the Comptroller of the Currency ("OCC") and Federal Deposit Insurance Corporation ("FDIC").[1] The Board does not oppose those motions, which do not seek any relief with respect to the Board. The Board further states as follows:

1. As the Court is aware, this lawsuit concerns the regulations implementing the Community Reinvestment Act ("CRA"). In October 2023, the FBAs issued a final rule that was the first comprehensive update to the CRA regulations since 1995. *See* 89 Fed. Reg. 6574 ("October 2023 Final Rule"). In February 2024, Plaintiffs brought this lawsuit under the Administrative Procedure Act to prevent the October 2023 Final Rule from taking effect.

[1] In this response, the Board, OCC, and FDIC (and their principals named as defendants) will be referred to collectively as the "FBAs," short for the "federal banking agencies."

Plaintiffs filed a motion for a preliminary injunction, which the Court granted. ECF 75 at 23.

2. The FBAs then filed an interlocutory appeal under 28 U.S.C. § 1292(a)(1) in the Fifth Circuit. ECF 79. This Court stayed proceedings pending resolution of the interlocutory appeal. ECF 82. The CRA regulations that were in effect prior to the October 2023 Final Rule have continued to apply during the pendency of the litigation. *Id.*

3. In March 2025, the FBAs filed a motion to stay proceedings in the Fifth Circuit. *See* Fifth Circuit Docket, ECF 165. The FBAs informed the Fifth Circuit and publicly announced that they intended to issue a proposal to both: (a) rescind the October 2023 Final Rule, and (b) reinstate the CRA framework that existed prior to the October 2023 Final Rule. *Id.* The Fifth Circuit granted the stay. *See* Fifth Circuit Docket, ECF 174.

4. On July 18, 2025, the FBAs published the notice of proposed rulemaking that proposed to rescind the October 2023 Final Rule and reinstate the CRA framework that existed prior to the October 2023 Final Rule. *See* 90 Fed. Reg. 34086.

5. The OCC and FDIC have decided that they are no longer planning to complete the notice-and-comment rulemaking and have filed a motion for judgment with this Court requesting a judgment vacating the October 2023 Final Rule. ECF 93 at 8. The OCC and FDIC have also moved to partially lift the stay of proceedings in this Court to allow the Court to rule on their motion for entry of judgment. The Board is unaffected by these motions, which seek relief only as to the OCC and FDIC.[2]

6. While the CRA requires the FBAs to issue regulations to carry out the purposes of the CRA, it does not require that they be issued jointly. *See* 12 U.S.C. § 2905. The Board intends

[2] The OCC and FDIC also requested that the Fifth Circuit dismiss the appeal as to them, and the Fifth Circuit did so. *See* Fifth Circuit Docket, ECF 197 & 201. The appeal remains stayed with respect to the Board.

to complete the rulemaking process that has been underway and is very close to completion of that process, which will affect only the Board's CRA regulation. Should the Board rescind the October 2023 Final Rule and reinstate the Board's CRA framework that existed prior to the October 2023 Final Rule, this litigation would be moot as to the Board. *See Freedom from Religion Found., Inc. v. Abbott*, 58 F.4th 824, 832 (5th Cir. 2023) ("mootness is the default" when a "regulation is amended or repealed after plaintiffs bring a lawsuit challenging the legality of that . . . regulation"). The Board will make an appropriate filing with this Court and with the Fifth Circuit as soon as it completes its rulemaking.

Dated: August 21, 2026

Respectfully submitted,

/s/ *Joshua P. Chadwick*

Mark Van Der Weide, General Counsel
Richard M. Ashton, Deputy General Counsel
Joshua P. Chadwick (DC 502279), Assistant General Counsel
Nicholas Jabbour (DC 500626), Senior Counsel
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, NW
Washington, DC 20551
joshua.p.chadwick@frb.gov
Phone: (202) 263-4835
Fax: (202) 452-3819

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of record registered to receive such notices.

/s/ *Joshua P. Chadwick*

Joshua P. Chadwick (DC 502279)
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, NW
Washington, DC 20551
joshua.p.chadwick@frb.gov
Phone: (202) 263-4835
Fax: (202) 452-3819